UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FJERRY, LLC,<br><br>                    Plaintiff,<br><br>  -against-<br><br>OASIS ENERGY DRINK LLC,<br><br>                Defendant. | Case No: 1:25-cv-06088-JSR<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT OASIS ENERGY DRINK LLC's MOTION TO DISMISS** |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT OASIS ENERGY DRINK LLC's MOTION TO DISMISS

Theodore P. Cummings, Esq.
1848 Fairfax Avenue, Suite No. 1
Cincinnati, Ohio  45207

*Lead Counsel for Defendant Oasis Energy Drink LLC*

Mark A. Samuel, Esq.
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601

*Co-Counsel for Defendant Oasis Energy Drink LLC*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT…………………………..…………..…….…..........5

II.   FACTUAL BACKGROUND……………………………..…………….…………...5

III.  LEGAL STANDARD…………………………………..…………………..……...6

IV.   ARGUMENT

    A.  Plaintiff Fails To Establish Personal Jurisdiction Under New York Law Or The U.S. Constitution……………………………………………………..………….………..6

    B.  Plaintiff's Exhibits A and B Do Not Establish Personal Jurisdiction or Commercial Misappropriation…………………………………………………………………….7

    C.  Plaintiff Fails to Address the Public Meme Generator Fully Disclosed In Defendant's Motion to Dismiss Thereby Undermining Its Infringement Theory……………..……..7

    D.  Plaintiff Has Not Pleaded a Cognizable Claim for Copyright Infringement….…….....8

    E.  The Use Was Expressive and Protected Under Rogers v. Grimaldi…………..……....8

    F.  Plaintiff Has Not Plausibly Pled a Lanham Act False Endorsement Claim….…....…..9

    G.  Plaintiff's Right of Publicity Claim Is Preempted and Barred…………..………..9

V.    CONCLUSION……………………………………...….….…….….…………10

Case 1:25-cv-06088-JSR    Document 23    Filed 09/25/25    Page 3 of 10


# TABLE OF AUTHORITIES

## *Cases*

*Apothio, LLC v. NASDAQ, Inc.,* No. 21-cv-1174 (JSR), 2023 WL 2744416
(S.D.N.Y. Mar. 31, 2023)…………………………………………………….………6

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)……………………………………….……………6

*Beastie Boys v. Monster Energy Co.,* 66 F. Supp. 3d 424 (S.D.N.Y. 2014)…………..………9

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………….…………….…6

*Best Van Lines, Inc. v. Walker,* 490 F.3d 239 (2d Cir. 2007)………………….……………6, 7

*Cohen v. Herbal Concepts, Inc.,* 63 N.Y.2d 379 (1984)…………………….………….……….9

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81 (2d Cir. 2013)………..………….6

*ETW Corp. v. Jireh Publ'g, Inc.,* 332 F.3d 915 (6th Cir. 2003)…………..………….……….9

*Finger v. Omni Publ'ns Int'l, Ltd.,* 77 N.Y.2d 138 (1990)……………..………..……………..9

*Gordon v. Drape Creative, Inc.,* 909 F.3d 257 (9th Cir. 2018)…………………….…………..8

*Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353 (2d Cir. 2005)……………………………………6

*Hoepker v. Kruger,* 200 F. Supp. 2d 340 (S.D.N.Y. 2002)………………………………….…9

*In re Terrorist Attacks on Sept. 11, 2001,* 714 F.3d 659 (2d Cir. 2013)…………………………6

*In re UBS AG Sec. Litig.*, No. 07-cv-11225, 2012 WL 4471265, at *11 n.16
(S.D.N.Y. Sept. 28, 2012)…………………………………………………………………….8

*Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)……………………………………………7

*Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181 (2d Cir. 1998)…………………………...…….6

*Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996 (2d Cir. 1995)……………………...………..8

*LaMarca v. Pak-Mor Mfg. Co.,* 95 N.Y.2d 210 (2000)…………………………………..……6

*Leibovitz v. Paramount Pictures Corp.,* 137 F.3d 109 (2d Cir. 1998)…………….…………8

*Lombardo v. Dr. Seuss Enters., L.P.,* 279 F. Supp. 3d 497 (S.D.N.Y. 2017)…………..………8

- 3 -

*Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.,*
868 F. Supp. 2d 172 (S.D.N.Y. 2012)…………………………………………………………9

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57 (2d Cir. 2010)…….…….8

*Ritani, LLC v. Aghjayan,* 970 F. Supp. 2d 232 (S.D.N.Y. 2013)…………………………………7

*Rogers v. Grimaldi,* 875 F.2d 994 (2d Cir. 1989)………………………………………………5, 8

*Royalty Network Inc. v. Dishant.com, LLC,* 638 F. Supp. 2d 410 (S.D.N.Y. 2009)…….....………6

*Rushaid v. Pictet & Cie,* 28 N.Y.3d 316 (2016)…………………………………………………..7

*TradeComet.com LLC v. Google, Inc.,* 647 F.3d 472 (2d Cir. 2011)……………………………..6

*Troma Entm't, Inc. v. Centennial Pictures Inc.,* 729 F.3d 215 (2d Cir. 2013)………....…………6

*Walden v. Fiore,* 571 U.S. 277 (2014)…………………………………………….……………7

## I.    PRELIMINARY STATEMENT

Plaintiff's opposition fails to cure the fatal defects of a complaint that targets a single, fleeting social media post, that is non-commercial in nature, lacking any endorsement language, and drawn from a publicly available meme format. The Court lacks personal jurisdiction over Defendant, which reside and operate outside the State of New York and did not purposefully direct conduct toward this forum; nor does the incidental presence of New York landmarks in the image establish venue or minimum contacts. Plaintiff's copyright and false endorsement theories are both inapplicable under controlling Second Circuit precedent, including *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), as there is no substantial similarity, no economic exploitation, and no explicitly misleading content. The claims remain speculative and legally deficient, and the case should be dismissed in its entirety.

## II.    FACTUAL BACKGROUND

This case concerns a single, non-sponsored Instagram post by Defendant Oasis Energy Drink LLC (hereinafter, "Defendant" or "Oasis") in Spring 2025 that used a widely recognized "Dude With Sign" meme format to display the phrase "15% off for Mother's Day." The post, which included no tags, logos, names, or references to Plaintiff, was created using a public meme generator and removed shortly after posting. Oasis, a Georgia LLC with no offices, employees, or targeted activity in New York, does not maintain a commercial presence in the forum. Plaintiff inaccurately refers to "two advertisements," when in fact there was only one organic post with two image slides. The lawsuit, alleging false endorsement and copyright infringement, rests on a speculative theory unsupported by substantial similarity, commercial exploitation, or personal jurisdiction. Plaintiff's opposition fails to remedy these fundamental deficiencies, and thus the Court should dismiss Complaint in its entirety.

### III.    LEGAL STANDARD

In a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction and must make a prima facie showing based on the pleadings and affidavits. Conclusory assertions are insufficient. See *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013); *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013); *Jazini v. Nissan Motor Co.*, Ltd., 148 F.3d 181, 185 (2d Cir. 1998). Under Rule 12(b)(3), dismissal is appropriate where venue is improper, and the plaintiff cannot establish a proper basis in the forum. See *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011). On a Rule 12(b)(6) motion, the Court must accept well-pleaded facts but not legal conclusions or threadbare recitals. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is warranted where, as here, the claims are speculative, conclusory, and unsupported by plausible factual allegations. See *Apothio, LLC v. NASDAQ, Inc.*, 2023 WL 2744416, at *3 (S.D.N.Y. Mar. 31, 2023) (Rakoff, J.).

### IV.    ARGUMENT

**A.    Plaintiff Fails To Establish Personal Jurisdiction Under New York Law Or The U.S. Constitution**

Plaintiff's assertion of personal jurisdiction under CPLR §§ 302(a)(1) and (a)(3) fails under settled Second Circuit precedent. As to § 302(a)(1), merely operating a website accessible in New York, even if interactive, does not constitute "transacting business" without purposeful direction toward New York consumers tied to the alleged misconduct. See *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007); *Royalty Network Inc. v. Dishant.com, LLC*, 638 F. Supp. 2d 410, 423 (S.D.N.Y. 2009). The post at issue neither references New York nor offers goods for sale, and Plaintiff has not shown that it caused or targeted any New York-specific transaction. Likewise, §

- 6 -

302(a)(3) requires both actual in-state injury and purposeful exploitation of the forum, none of which Plaintiff has demonstrated. See *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214 (2000); *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 681 (2d Cir. 2013). Even if a statutory basis existed, jurisdiction must still satisfy due process, which it does not. Defendant has no meaningful contacts with New York, and a fleeting, expressive social media post cannot establish "purposeful availment." See *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 248–49 (S.D.N.Y. 2013).

**B.** **Plaintiff's Exhibits A and B Do Not Establish Personal Jurisdiction or Commercial Misappropriation**

Plaintiff's Exhibits A and B fail to establish personal jurisdiction or support a claim of commercial misappropriation. Exhibit A is a separate, non-sponsored Instagram post using ironic, culturally referential language. Its mention of "New York, NY" is incidental and untethered to any product sale, event, or interactive feature. Critically, it bears no temporal or substantive link to the post alleged in the Complaint. Courts routinely reject jurisdiction based on such generalized or unrelated content. See *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007); *Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 330 (2016). Exhibit B is likewise immaterial. It contains only the publicly available Imgflip terms of use, makes no mention of Defendant or the post in question, and does not establish any intellectual property rights held by Plaintiff. Both exhibits are legally insufficient and irrelevant to the claims at issue.

**C.** **Plaintiff Fails to Address the Public Meme Generator Fully Discussed in Defendant's Motion to Dismiss Thereby Undermining Its Infringement Theory**

Plaintiff's brief fails to acknowledge a core element of Defendant's motion to dismiss; namely, the existence and public availability of the "Dude With Sign" meme generator (see Exhibit D of Defendant's Memorandum of Law in Support of Motion to Dismiss). This generator, widely accessible through the Imgflip.com platform, allows any user to create their own meme in the "DWS" style complete with customizable signs and character imagery. The ready, on-line availability of this tool speaks directly to the expressive and referential nature of the meme format, its detachment from any single authorial or proprietary source, and the impossibility of treating derivative versions as exclusive, enforceable works. Plaintiff's silence is telling. Courts regularly hold that failure to rebut central arguments raised in a motion to dismiss may be deemed a concession. See *In re UBS AG Sec. Litig.*, No. 07-cv-11225, 2012 WL 4471265, at *11 n.16 (S.D.N.Y. Sept. 28, 2012) ("[Plaintiff] makes no response to this argument and thereby concedes it.").

**D.    Plaintiff Has Not Pleaded a Cognizable Claim for Copyright Infringement**

Plaintiff admits that Defendant altered the original image by changing the message on the sign. This modification eliminates substantial similarity between the works, which is essential to a copyright claim. See *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010). Substantial similarity focuses only on protectable elements, and courts routinely dismiss infringement claims at the pleading stage when those elements differ. See also *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995).

**E.    The Use Was Expressive and Protected Under Rogers v. Grimaldi**

Plaintiff misapplies the Rogers test, which bars Lanham Act claims where a use is (1) artistically relevant and (2) not explicitly misleading. See *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989). Even if commercially motivated, expressive content, like parody or humor, remains

protected. See *Gordon v. Drape Creative*, Inc., 909 F.3d 257, 261–62 (9th Cir. 2018). Here, Defendant's post used satirical commentary ("Buy your mom energy for Mother's Day") via a stylized meme format. Such uses are expressive, not source-identifying. See *Lombardo v. Dr. Seuss Enters*, 279 F. Supp. 3d 497, 514 (S.D.N.Y. 2017); *Leibovitz v. Paramount Pictures*, 137 F.3d 109 (2d Cir. 1998).

**F.    Plaintiff Has Not Plausibly Pled a Lanham Act False Endorsement Claim**

The Lanham Act requires allegations of likelihood of confusion as to sponsorship or endorsement. But Plaintiff offers no factual basis to suggest consumers would believe the Oasis advertisement involved collaboration with Mr. Phillips. The images omit his name, likeness tag, or handle, and nothing in the text suggests endorsement by Mr. Phillips. Compare *Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 456 (S.D.N.Y. 2014) (music used alongside brand slogans and athlete endorsements created actionable false endorsement) with *Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172 (S.D.N.Y. 2012) (use of luxury bag in film not likely to cause confusion or be seen as endorsement by Louis Vuitton).

At most, Plaintiff alleges that the "format" of the post was recognizable, but the format alone is not protected and certainly does not create a protectable interest in endorsement. See *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915, 924 (6th Cir. 2003) (right of publicity does not block creative commentary or transformative use).

**G.    Plaintiff's Right of Publicity Claim Is Preempted and Barred**

Plaintiff's publicity claim fails under both the First Amendment and New York Civil Rights Law §§ 50–51, which narrowly restrict such claims to avoid chilling expressive content. Courts recognize broad protection for expressive or satirical uses of images absent direct commercial exploitation. See *Hoepker v. Kruger*, 200 F. Supp. 2d 340, 352 (S.D.N.Y. 2002). Plaintiff has not

shown that the image was used in a non-incidental or overtly commercial manner, as required under §§ 50–51. Nor has Plaintiff pled that Mr. Phillips' name, likeness, or persona was used in any way suggestive of a brand affiliation. Liability does not arise from fleeting or background use, or where the image is not directly tied to advertising. See *Finger v. Omni Publ'ns Int'l, Ltd.*, 77 N.Y.2d 138, 143–44 (1990); *Cohen v. Herbal Concepts, Inc.*, 63 N.Y.2d 379, 384 (1984).

## V.    CONCLUSION

For the reasons set forth above and in Defendant's opening memorandum, the Court should dismiss the Complaint in its entirety pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to establish personal jurisdiction, selected an improper venue, and has not plausibly alleged any claim upon which relief may be granted. Given the burden to the parties and the Court, Defendant respectfully requests that the Court grant its motion and dismiss the Complaint in full.

Dated: September 25, 2025
Respectfully submitted,

By: /s/ Theodore P. Cummings
      Theodore P. Cummings, Esq.
      1848 Fairfax Avenue, Suite No. 1
      Cincinnati, Ohio 45207
      (513) 273-7989
      attorney@cummingslaw.net

      *Lead Counsel for Defendant Oasis Energy Drink LLC*

By: /s/ Mark A. Samuel
      Mark A. Samuel, Esq. (MS 0203)
      445 Hamilton Avenue, Suite No. 1102
      White Plains, New York 10601
      (917) 692-1405
      mas@msamuelpc.com

      *Co-Counsel for Defendant Oasis Energy Drink LLC*