```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FJERRY, LLC,<br><br>            Plaintiff,<br><br>    -v-<br><br>OASIS ENERGY DRINK, LLC,<br><br>            Defendant. | 25-cv-6088 (JSR)<br><br>MEMORANDUM |

JED S. RAKOFF, U.S.D.J.:

The plaintiff, FJerry, LLC is pursuing claims of copyright infringement, false endorsement, and right of publicity against Oasis Energy Drink, LLC ("Oasis"). Oasis has moved to dismiss. See ECF No. 13. The Court held oral argument on the motion on October 6, 2025, and issued a "bottom-line" Order on October 10 denying the motion in its entirety, see ECF No. 25. This Memorandum sets forth the reasons for that decision.

I.   Background

The following allegations are drawn from the Complaint. See ECF No. 1. Around May 2025, Oasis posted two images on their social media accounts of a man holding a sign. Id. at 7-8. The first image of the man advertised a sale for the energy drinks; the second encouraged consumers to purchase the energy drink for their mothers. ECF No. 1-2.

The person featured in these pictures is a man named Seth Phillips. ECF No. 1 ¶ 13. And the image format -- of Phillips

1

holding a sign with some words, generally containing a cultural observation or witty remark -- is a viral meme known as "ManWithSign." Id. ¶¶ 12-16. The plaintiff, FJerry, owns a copyrighted version of the original image, and is the exclusive licensee of all relevant rights to Phillips' right of publicity. Id. ¶¶ 26, 29. FJerry alleges that the company derives substantial revenue and publicity from the use of the ManWithSign meme format, usually by using Phillips' name, image, and likeness to endorse products and services. Id. ¶¶ 22-24.

FJerry sued Oasis as a result of Oasis's alleged unlicensed use of the ManWithSign meme to advertise its products. Oasis then moved to dismiss.

II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] In adjudicating a motion under the Rule, the Court construes "the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230

---

[1] Unless otherwise indicated, all case quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

2

(2d Cir. 2016). Additionally, to survive a motion to dismiss under Rule 12(b)(2), a plaintiff "need only make a prima facie showing of personal jurisdiction over the defendants." Sullivan v. UBS AG, 149 F.4th 206, 217 (2d Cir. 2025).

III. Discussion

Oasis moved to dismiss FJerry's Complaint for (1) lack of personal jurisdiction; (2) improper venue; (3) failure to state a copyright claim; (4) failure to state a right of publicity claim; and (5) failure to state a false endorsement claim. The Court denied the motion for the following reasons.

A. Personal Jurisdiction

To exercise personal jurisdiction over a defendant, a federal court must determine that the plaintiff has demonstrated that three requirements are satisfied.

First, the defendant must have been properly served. See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012). Neither party disputes that this element has been met.

Second, the Court must have a statutory basis for exercising jurisdiction. See id. at 59-60. New York's long-arm statute provides such a basis over a non-domiciliary defendant who:

1. Transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. Commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

    3. Commits a tortious act without the state, causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

        (i) Regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

        (ii) Expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

    4. Owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

    Section 302(a)(3) applies here. While Oasis argues that any tortious act that it allegedly committed occurred outside the state, see ECF No. 13 at 4-5, the injury was "caus[ed]" to a person or property within New York because the "situs of the [copyright holder's] injury" can be the location of the copyright holder," Penguin Grp. (USA) Inc. v. Amer. Buddha, 640 F.3d 497, 499 (2d Cir. 2011), and FJerry is a New York-based company, ECF No. 1 ¶ 5.[2] Additionally, Oasis should reasonably have expected its acts

---

[2] The panel in Penguin Group, prior to deciding that case, certified a question to the New York Court of Appeals, asking: "In copyright infringement cases, is the situs of injury for purposes of determining long-arm jurisdiction under N.Y. C.P.L.R. § 302(a)93)(ii) the location of the infringing action or the residence or location of the principal place of business of the copyright holder?" 640 F.3d at 499. The New York Court of Appeals rephrased that question, answering it only in the context of cases "involving the uploading of a copyrighted printed literary work onto the Internet." Id. at 500 (emphasis removed). The instant case does not involve a copyrighted printed literary work.

4

to have consequences in the state where the copyright holder resided. And finally, Oasis derived substantial revenue from interstate or international commerce. See, e.g., ECF No. 1 ¶ 3 (alleging that Oasis sold and shipped energy drinks to New York).

Third, the Court's exercise of personal jurisdiction must accord with due process. In analyzing this issue, courts consider whether the defendant has sufficient "minimum contacts" with New York and whether the exercise of personal jurisdiction would be "reasonable" under the specific circumstances of the case. See Metro Life Insurance Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). Here, the Complaint alleges that Oasis sells its products in New York. ECF No. 1 at ¶ 3. Those minimum contacts, in the form of sales and deliveries, ensure that this case is properly before the Court.

B. Venue

Oasis also moves to dismiss based on improper venue. But venue is proper in a copyright action where the defendant is an "entity" as long as the defendant is subject to the court's personal jurisdiction with respect to the action in question. See Steinmetz v. Bridge Path Prop. Grp., LLC, 2024 WL 4954049, at *5 (S.D.N.Y. 2024). Because this Court exercises personal jurisdiction over

---

Nevertheless, the Court applies the analysis from Penguin Group, finding no reason to differentiate between that context and this one.

Oasis, which is a corporate entity, this is also an appropriate venue for the action.

C. <u>Federal Copyright Claim</u>

To state a copyright claim, the plaintiff must allege (1) ownership of a valid copyright, and (2) actionable copying of protected expression. <u>See</u> <u>Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340 (1991). The parties do not dispute the ownership element of this claim.

As to actionable copying, Oasis argues that FJerry's claim must be dismissed because (1) the allegedly infringing images were altered via textual modification; (2) the allegedly infringing images were repurposed for an unrelated topic to its original creation; (3) the allegedly infringing images were used within a broader expressive "meme" format; (4) courts recognize that a *de minimis* or background use of copyrighted work does not trigger liability; and (5) no monetary gain, market harm, or commercial sale was generated from the posts. ECF No. 13 at 6. Additionally, Oasis argues that its use of the ManWithSign meme was protected by the First Amendment.

The Court rejects these arguments. A reasonable jury could conclude that Oasis infringed a copyright, despite the modifications. <u>See</u> <u>Peter F. Gaito Arch, LLC v. Simone Develop. Corp.</u>, 602 F.3d 57, 63-64 (2d Cir. 2010) (holding that, although questions of infringement are for a jury, it is appropriate for a

district court to resolve substantial similarity as a matter of law). The modifications are not so vastly different that the allegedly infringing images bear no passing resemblance to the original. The individual in the allegedly infringing photos is the same as the one in the copyrighted photo. Further, the "format" of the allegedly infringing photos -- of Phillips holding a sign bearing some text -- is the same. The main differences are the specific words written on the allegedly infringing photos and the process through which the words were written, i.e., through an image-editing software, rather than handwritten on cardboard. But that distinction alone does not mean that no reasonable jury could conclude that Oasis infringed upon FJerry's copyright.

Further, the Court cannot consider whether the use of the image was *de minimis* at the motion to dismiss stage. Such an inquiry -- essentially one of fair use -- focuses on the "amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107. Classic fair use is an affirmative defense that requires a showing of three elements: "that the use was made (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith." See Solid 21, Inc. v. Richemont N. Am., Inc, 2020 WL 3050970, at *5 (S.D.N.Y. June 8, 2020). Courts generally cannot consider fair use when resolving a motion to dismiss, the purpose of which is only to test the sufficiency of the pleadings. Id.

7

The same is true for Oasis's argument that no monetary or commercial value was gained from use of the allegedly infringing work. As FJerry explains, it has not yet had an "opportunity for discovery as to the commercial gain that Defendant secured from disseminating the Infringing Advertisements which promoted its Mother's Day Sale and the fact that it was offering 15% off of its products for this sale." ECF No. 22 at 12. And FJerry has alleged that it has suffered harm, including, among other things, the loss of the fair market value payment it should have received from the defendant for its unauthorized use of the protected work.

Finally, Oasis argues that its use of the ManWithSign meme was protected activity under the First Amendment. The First Amendment protects expressive content, even when it appears in commercial environments, so long as it conveys ideas, commentary, humor, or cultural references, and does not explicitly mislead consumers. See Rogers v. Grimaldi, 875 F.2d 994, 999-1000 (2d Cir. 1989). Oasis contends that the images here are referential and expressive because they were a visual allusion to a widely known meme. ECF No. 13 at 7. Oasis further presses that the meme has become shorthand for "ironic or humorous observations," its use by Oasis was consistent with that purpose, and there was no false claim of sponsorship, no deceptive message, and no attempt to exploit the identity or goodwill of the individual in the meme for commercial gain.

8

But this defense fails. First, Rogers v. Grimaldi involved the Lanham Act, not a claim for copyright infringement. 875 F.2d at 999-1001; see also Malibu Media, LLC v. Doe, 2016 WL 4574677, at *5 (E.D.N.Y. Sep. 1, 2016) (explaining that the First Amendment does not protect copyright infringement). Second, even assuming that a First Amendment defense applied to claims for copyright infringement, the allegedly infringing material here advertised energy drinks. Whatever right there may be to "expressive content," that right would not necessarily extend to commercial contexts.

Oasis also suggests that the expressive use here was fleeting and caused no measurable commercial harm. ECF No. 13 at 8. But again, it is too early to say that the allegedly infringing material created no measurable commercial harm. Nor can the Court conclude that the use was "fleeting" simply because the defendant removed the post upon notice. After all, as FJerry notes, Oasis's advertisement "ran for over a month" around the time of a Mother's Day sale, ECF No. 22 at 12.

Accordingly, the Court rejects the defendant's motion to dismiss the copyright infringement claim.

D. Right of Publicity

Oasis also moves to dismiss FJerry's right of publicity claim, arguing that it (1) is preempted by New York's Civil Rights Law §§ 50-51, and (2) fails to plead the proper elements of the claim. The Court rejects both arguments.

9

First, the right of publicity claim is not preempted by New York law. New York Civil Rights Law §§ 50-51 does not apply where the alleged use is non-incidental or commercial. See <u>Lohan v. Take-Two Interactive Software, Inc.</u>, 31 N.Y.3d 111, 125-26 (2018). Here, the relevant infringing images are alleged to be commercial in nature. Specifically, FJerry contends that the work advertised a sale for Oasis's products. So the state law does not apply.

Moreover, the Complaint pleads the proper elements of a claim for right of publicity. Oasis contends that the Complaint fails to allege that Oasis used Phillips' likeness for commercial or non-fleeting purposes, necessary elements of a right of publicity claim. But that is plainly incorrect. The Complaint specifically alleges that Oasis used Phillips' image and likeness "for advertising and trade purposes." Complaint ¶ 58. It further states that the defendant, "[h]oping to benefit from Phillips' celebrity and influence . . . used Phillips' image, likeness, and persona to promote Defendant's business." <u>Id.</u> ¶ 45. It alleges that the infringing work was used to "promote [defendant's] own products and increase its own sales." <u>Id.</u> And at the time the Complaint was filed, it characterized the harm as ongoing. <u>See, e.g.</u>, <u>id.</u> ¶ 44. Accordingly, FJerry has alleged the necessary elements of a claim for right of publicity.

E. <u>False Endorsement</u>

10

Finally, Oasis argues that the claim for false endorsement must be dismissed because (1) the allegedly infringing images would not cause confusion; (2) the images indicate a cultural reference, not an endorsement; and (3) no reasonable consumer would interpret the images as personal endorsements of a product. The Court rejects each argument in turn.

To state a claim for false endorsement under 15 U.S.C. § 1125(a), a plaintiff must show that it is (1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark. See Herb Reed Enterps., LLC v. Fla. En't Mgmt., Inc., 736 F.3d 1239, 1248 (9th Cir. 2013). Each of Oasis's arguments go to the second element. In other words, Oasis argues that no reasonable consumer would be confused by the allegedly infringing images.

But the allegedly infringing photos do create a "likelihood of confusion." Beastie Boys v. Monster Energy Co., 66 F. Supp. 3d 424, 456 (S.D.N.Y. 2014). The Complaint itself alleges that Oasis's use of Phillips' image, likeness, and persona is "likely to cause consumers to mistakenly believe that Phillips and/or Plaintiff is/are associated with Defendant, or that Phillips and/or Plaintiff sponsors, endorses, or approves of Defendant's products, websites, or social media accounts." Complaint ¶ 65. Further, that allegation is supported by the allegedly infringing images themselves. Though the advertisements did not include Mr.

11

Phillips' name, a consumer could still be confused about Mr. Phillips' relationship to Oasis's product, given that Mr. Phillips' image and likeness is in the allegedly infringing photos, in his "classic" pose -- holding up a sign with text on it.

Though Oasis maintains that the ManWithSign format functions as a visual shorthand for social commentary, rather than endorsement, that inquiry is inappropriate at this stage in the proceedings. Deciding whether the meme has become a "widely used satirical device," ECF No. 13 at 12, rather than a vehicle for endorsements, would take the Court down a highly fact-dependent inquiry that would be best resolved at a later stage of litigation.

Oasis also contends that Rogers v. Grimaldi protected its use of the ManWithSign meme. But as noted above, Oasis's reliance on that case is inapposite. Rogers v. Grimaldi notes that the First Amendment protects a defendant's use of an image in an expressive work. See, e.g., Lombardo v. Dr. Seuss Enterps., L.P., 279 F. Supp. 3d 497, 513-14 (S.D.N.Y. 2017). Here, however, a reasonable jury could conclude that the defendant's meme in question is not "expressive" because it was advertising a commercial sale of its products. Id. at 514 (explaining that the Rogers test applies in the context of "expression, and not commercial exploitation of another's trademark").

In its reply brief, Oasis also presses that the existence of an online meme generator, ImgFlip, that permits users to create

12

memes using the ManWithSign format defeats FJerry's claims. Not so. ImgFlip has an extensive list of terms of service on their website that limit how users may use content from the website. Among other things, those terms indicate that users "may not use content from our Services unless you obtain permission from its owners," that ImgFlip does not give users "ownership of any intellectual property rights in our Services or the content you access," and that users agree to "indemnify and hold ImgFlip harmless from and against any and all claims . . . that arises out of or relates to . . . your infringement of any third party's rights." ECF No. 22, Exh. B. Further, the fact that ImgFlip allows users to edit copyrighted images on their website means only that a copyright holder could bring suit against both ImgFlip <u>and</u> the user. ImgFlip's services, in other words, do not bear upon this action.

IV.  Conclusion

For the foregoing reasons, the Court by Order dated October 10, 2025, denied Oasis's motion to dismiss.

New York, NY
October 30, 2025

JED S. RAKOFF, U.S.D.J.

13